UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**ALESSANDRA PIRAS TORRENS,**

    Plaintiffs,

vs.

**FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES,**

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ALESSANDRA PIRAS TORRENS, through undersigned counsel, sues Defendant FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, and alleges as follows:

**Nature of the Action**

1. This is an action for unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. §2000e, *et seq*. ("Title VII"), 42 U.S.C. §1981a, and in violation of 42 U.S.C. §1981.

2. This action involves claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the Title VII and 42 U.S.C. §1981.

1

4. Venue is proper in this Court as Defendant is located in Southern District of Florida, and all actions complained of herein, and all injuries and damages that were suffered, occurred in the Southern District of Florida.

**Parties**

5. Plaintiff is and at all relevant times has been a White, adult, female resident of Miami-Dade County, Florida, is and has been a licensed practicing Florida attorney, and is *sui juris*.

6. Defendant is and at all relevant times was a Florida state public university located and operating in Miami-Dade County that operated, and continues to operate, the FIU Chaplin School of Hospitality & Tourism Management ("CSH"), at which Plaintiff had previously been employed as an adjunct professor.

**Facts Common to all Counts**

7. Plaintiff was hired by CSH on August 1, 2010, as an adjunct professor teaching classes in hospitality law.

8. Plaintiff fully, competently, and properly performed all her duties and responsibilities as an adjunct professor for CSH, teaching classes on campus as well as online classes to students in China. She was never disciplined in her many years as an adjunct professor.

9. Plaintiff's immediate supervisor and superior throughout her time as an adjunct professor at CSH was John H. Thomas ("Thomas"), a clinical professor in hospitality law for CSH. Plaintiff, who is and speaks Italian, at all times worked closely with Thomas, including taking CSH students to Italy with the study abroad program.

10. On or about December 18, 2020, Thomas informed Plaintiff both verbally and in writing that, due to pressure "for more diversity" at CSH from Defendant's Diversity, Inclusion and Equity ("DEI") Department, Plaintiff would not be given classes she had been teaching and

2

instead, an African-American adjunct law professor would be brought it to teach classes that Plaintiff had previously taught.  As a result of this pressure "for more diversity" at CSH, CSH hired as an adjunct professor, Paul Moore ("Moore"), who is an African American, to teach hospitality law classes.  Although still under contract with CSH to teach classes, Plaintiff has not received any further class assignments to teach at CSH since 2022.

11. On February 28, 2023, Thomas informed Plaintiff that he was planning to retire and that his position as Hospitality Law Professor would become vacant and available.  Thomas urged Plaintiff to apply for the vacant and available position.

12. At the time the Hospitality Law Professor position became vacant and available, Plaintiff met all of the published qualifications for the position.  Those qualifications included, but were not limited to, practical experience in the hospitality industry and being fluent in multiple languages.

13. Plaintiff applied for the vacant Hospitality Law Professor position.  At the time she applied for the position, she far exceeded the published qualifications for the position, including having more than 20 years of practical experience in the hospitality industry, teaching more than 12 years at CSH as an adjunct professor of hospitality law, having a Juris Doctor degree, speaking three languages fluently (including English and Italian), and being a specialist in international transactions.

14. Moore also applied for the vacant Hospitality Law Professor position.  At the time he applied for the position, Moore did not meet all the minimum published qualifications for the position.  Specifically, he, unlike Plaintiff, did not have any practical experience in the hospitality industry and did not speak any foreign languages.

15. Plaintiff interviewed twice for the vacant Hospitality Law Professor position but, despite being the most qualified candidate, was not hired for the position. Instead, CSH hired Moore to fill the position.

16. All conditions precedent to the bringing of this action have been satisfied, waived, or otherwise excused.

17. Plaintiff timely filed a charge of discrimination with the U.S. Equal Opportunity Commission ("EEOC") and received a notice of right to sue from the EEOC on March 18, 2025. This action is being brought, and has been brought, within 90 days of Plaintiff's receipt of the EEOC's notice of right to sue.

18. Plaintiff has hired the undersigned attorney and law firm to represent her in this case and has agreed to pay a reasonable fee for their services.

## **Count I – Unlawful Race Discrimination in Violation of Title VII**

19. Plaintiff realleges paragraphs 1 through 18 above as if fully set forth herein.

20. This is an action for unlawful race discrimination in violation of Title VII, 42 U.S.C. §2000e *et seq*.

21. Plaintiff has been the victim of discrimination on the basis of her race in that she was fully qualified for the vacant and available Hospitality Law Professor position and the position was given Moore, to an unqualified African American candidate for the position.

22. Moore was selected by CSH for the vacant and available Hospitality Law Professor position not because he was more qualified for the position than Plaintiff or because he even met the minimum qualifications for the position, which he did not. Rather, CSH selected Moore over Plaintiff for the position because of his race, Black African American, as opposed to Plaintiff's race, White, non-African American.

4

23. Defendant's actions in hiring Moore over Plaintiff for the vacant and available Hospitality Law Professor position based on Moore's race instead of his qualifications for the position, which were insufficient and far inferior to those of Plaintiff, constitute unlawful race discrimination in violation of Title VII.

24. As a direct and proximate result of Defendant's unlawful race discrimination, Plaintiff has suffered damages, and will continue to suffer damages into the future, in the form of lost salary, compensation, and benefits that she would have received had she been properly hired to fill the Hospitality Law Professor position. In addition, Plaintiff has suffered damages, and will continue to suffer damages into the future, for emotional distress, humiliation, and loss of dignity as a result of Defendant's discriminatory actions.

25. Plaintiff is entitled to recover, in addition to her pecuniary and non-pecuniary damages, her costs and reasonable attorney's fees per Title VII.

WHEREFORE, Plaintiff demands judgment be entered against Defendant for the following relief:

A. A declaration that Defendant's actions constitute unlawful race discrimination in violation of title VII;

B. An award to Plaintiff of the lost income and benefits she would have received had she not been discriminated against and had been hired for the Hospitality Law position that had been given to Moore;

C. An award to Plaintiff for all compensatory damages, including damages for emotional distress, humiliation, and loss of dignity;

D. An award to Plaintiff of her costs and reasonable attorney's fees; and

E. Any and all further relief the Court deems just, equitable, and proper.

**Count II – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981**

26. Plaintiff realleges paragraphs 1 through 18 above as if fully set forth herein.

27. This is an action for unlawful race discrimination in violation of 42 U.S.C. §1981

28. Plaintiff has been the victim of discrimination on the basis of her race in that she was fully qualified for the vacant and available Hospitality Law Professor position and the position was given to Moore, to an unqualified African American candidate for the position. This discrimination has impaired Plaintiff's rights to make and enforce contracts by subjecting her to different standards in the making, performance, modification, or termination of her contract with Defendant and/or in the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

29. Moore was selected by CSH for the vacant and available Hospitality Law Professor position not because he was more qualified for the position than Plaintiff or because he even met the minimum qualifications for the position, which he did not. Rather, CSH selected Moore over Plaintiff for the position because of his race, Black African American, as opposed to Plaintiff's race, White, non-African American.

30. Defendant's actions in hiring Moore over Plaintiff for the vacant and available Hospitality Law Professor position based on Moore's race instead of his qualifications for the position, which were insufficient and far inferior to those of Plaintiff, constitute unlawful race discrimination in violation of Title VII.

31. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and impaired Plaintiff's right to make and enforce contracts, specifically being hired to fill the vacant and available Hospitality Law Professor position for which Plaintiff was the most – indeed the only – qualified candidate.

32. As a direct and proximate result of Defendant's unlawful race discrimination, Plaintiff has suffered damages, and will continue to suffer damages into the future, in the form of lost salary, compensation, and benefits that she would have received had she been properly hired to fill the Hospitality Law Professor position.  In addition, Plaintiff has suffered damages, and will continue to suffer damages into the future, for emotional distress, humiliation, and loss of dignity as a result of Defendant's discriminatory actions.

33. Plaintiff is entitled to recover, in addition to her pecuniary and non-pecuniary damages, her costs and reasonable attorney's fees per 42 U.S.C §1988.

WHEREFORE, Plaintiff demands judgment be entered against Defendant for the following relief:

A. A declaration that Defendant's actions constitute unlawful race discrimination in violation of 42 U.S.C §1981;

B. An award to Plaintiff of the lost income and benefits she would have received had she not been discriminated against and had been hired for the Hospitality Law position that had been given to Moore;

C. An award to Plaintiff for all compensatory damages, including damages for emotional distress, humiliation, and loss of dignity;

D. An award to Plaintiff of her costs and reasonable attorney's fees; and

E. Any and all further relief the Court deems just, equitable, and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand trial by jury of all issues so triable.

Dated: April 21, 2025.

                                      **RODERICK V. HANNAH, ESQ., P.A.**
                                      Counsel for Plaintiff
                                      4800 N. Hiatus Road
                                      Sunrise, FL 33351
                                      Telephone: 954/362-3800
                                      Facsimile: 954/613-5902
                                      Email:  rhannah@rhannahlaw.com

By *s/ Roderick V. Hannah*
            RODERICK V. HANNAH
            Fla. Bar No. 435384