**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER 1:25-cv-21826-DPG**

ALESSANDRA PIRAS TORRENS,

     Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES ("FIU"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12 and the Southern District of Florida Local Rules, hereby files this Motion to Dismiss Count II[1] and Incorporated Memorandum of Law, and states:

1.     This is a purported racial discrimination action arising from Plaintiff's employment as an adjunct professor with FIU. The Complaint alleges two (2) counts against FIU. Count I alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. §2000e, *et seq.* ("Title VII") and Count II alleges race discrimination in violation of 42 U.S.C. § 1981 ("§1981"). Dismissal is appropriate as to Count II.

---

[1] This Court has ruled that defendants need not file a partial answer until the Court has ruled on the motion to dismiss. *See Berenson v. John Hancock Life Ins. Co.*, No. 22-81866-CV, 2023 WL 4763179, at *1 (S.D. Fla. May 2, 2023) (Middlebrooks, J.); *Raptor, LLC v. Odebrecht Constr., Inc.*, No. 17-21509-CIV, 2018 WL 11352677, at *1 (S.D. Fla. Jan. 10, 2018) (Altonaga, J.); *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07CV30 RVEMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (Vinson, J.).

2.      Count II of the Complaint, which alleges race discrimination under §1981, must be dismissed, as a matter of law, because arms of the state such as FIU are entitled to Eleventh Amendment immunity against such claims, that have not been abrogated by Congress or the state of Florida. *See Debose v. Univ. of S. Fla.*, 178 F. Supp. 3d 1258 (M.D. Fla. 2016); *Henry v. Fla. Bar*, 701 F. App'x 878, 881 (11th Cir. 2017).

3.      Moreover, even if Plaintiff's §1981 claim was not barred by Eleventh Amendment immunity, the Complaint fails to state a cause of action of race discrimination under §1981 because the Complaint lacks sufficient allegations of intentional discrimination or a contractual relationship, requiring dismissal of Count II. *See Elite Amenities, Inc. v. Julington Creek Plantation Cmty. Dev. Dist.*, No. 3:17-CV-434-J-25 MCR, 2018 WL 10509566, at *2 (M.D. Fla. Feb. 16, 2018); *Maeder v. Tom Bush Auto-Plex, Inc.*, No. 3:14-CV-335-J-34PDB, 2015 WL 1277925, at *4 (M.D. Fla. Mar. 20, 2015).

## <u>MEMORANDUM OF LAW</u>
### *Dismissal Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement gives the defendant fair notice, as well as the supporting grounds for the specific claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face. *Id*.

Detailed factual allegations are not required to support the complaint, but the pleading obligation for a plaintiff "requires more than labels and conclusion," or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. The Rule 8 pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires the trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Ashcroft*, 556 U.S. 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Id*. at 1224.

## I.      PLAINTIFF'S §1981 CLAIM IS BARRED BY 11TH AMENDMENT IMMUNITY

Plaintiff's §1981 claim is barred by Eleventh Amendment immunity against FIU because neither Congress nor the state of Florida have abrogated its immunity under §1981. *See Henry v. Fla. Bar*, 701 F. App'x 878, 881 (11th Cir. 2017). It is well established that FIU is an arm of the state of Florida. *See Chen v. Fla. Int'l Univ. Bd. of Trs.*, No. 1:23-CV-24029-KMM, 2024 WL 4133865, at \*6 (S.D. Fla. July 9, 2024), *report and recommendation adopted*, No. 1:23-CV-24029-KMM, 2024 WL 3715436 (S.D. Fla. Aug. 7, 2024) (citing *McLaughlin v. Fla. Int'l Univ. Bd. of Trustees*, 533 F. Supp. 3d 1149, 1170 (S.D. Fla. 2021), *aff'd*, No. 21-11453, 2022 WL 1203080 (11th Cir. Apr. 22, 2022)).

Thus, FIU is entitled to Eleventh Amendment immunity as to Plaintiff's §1981 claim, requiring dismissal of Count II. *See Debose v. Univ. of S. Fla.*, 178 F. Supp. 3d 1258 (M.D. Fla. 2016) (holding Florida university board of trustees was entitled to Eleventh Amendment immunity from former employee's §1981 claim); *Henry v. Fla. Bar*, 701 F. App'x 878, 881 (11th Cir. 2017) (affirming dismissal of §1981 claim against the Florida Bar, an arm of the state, because it was

barred by Eleventh Amendment immunity); *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1201 n.37 (11th Cir. 1991) (noting district court dismissed §1981 claims against FDOT because it was entitled to Eleventh Amendment immunity); *see also Mitchell v. Univ. of N. Alabama*, 785 F. App'x 730, 734 (11th Cir. 2019) (affirming dismissal of plaintiff's §1981 claim against university based on Eleventh Amendment immunity).

## II.     THE COMPLAINT FAILS TO ESTABLISH A CAUSE OF ACTION PURSUANT TO SECTION 1981

"Section 1981 similarly 'prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts.'" *Williams v. Hous. Opportunities for Persons with Exceptionalities*, 777 F. App'x 451, 453–54 (11th Cir. 2019) (citing *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 472 (11th Cir. 1999)). To state a claim under section 1981, a plaintiff must state: "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Mahram v. HCA-EmCare Holdings, LLC*, No. 17-24110-CIV, 2018 WL 11489818, at *1 (S.D. Fla. Sept. 19, 2018). Here, even if Plaintiff's §1981 claim was not barred by Eleventh Amendment Immunity, Plaintiff has failed to plead sufficient factual matter to satisfy the elements of a Section 1981 claim.

"[T]he Supreme Court has clearly held that Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of a contractual relationship." *Elite Amenities, Inc. v. Julington Creek Plantation Cmty. Dev. Dist.*, No. 3:17-CV-434-J-25 MCR, 2018 WL 10509566, at *2 (M.D. Fla. Feb. 16, 2018) (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)). Absent from the Complaint is the identification of a contractual relationship breached in which the Plaintiff has rights. *See generally*, D.E. 1; *see also* Domino's *Pizza, Inc.*, 546 U.S. at 476. Instead, Plaintiff makes conclusory allegations that she is "subject[ed] to different standards

in the making, performance, modification, or termination of her contract with Defendant and/or in the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" (D.E. 1, ¶ 28) and that a "term, condition, or privilege of Plaintiff's continued employment" is impaired because she was not hired to fill a vacant position (D.E. 1, ¶31). Plaintiff's failure to identify the contractual relationship requires dismissal of Count II.[2] *See Elite Amenities, Inc. v. Julington Creek Plantation Cmty. Dev. Dist.*, No. 3:17-CV-434-J-25 MCR, 2018 WL 10509566, at \*2 (M.D. Fla. Feb. 16, 2018) (dismissing §1981 claim based on lack of contractual relationship); *Martinez v. Julian*, No. 8:10-CV-1-T-27TBM, 2010 WL 2103048, at \*2 (M.D. Fla. May 4, 2010), *report and recommendation adopted*, No. 8:10-CV-1-T-27TBM, 2010 WL 2104259 (M.D. Fla. May 25, 2010) (dismissing § 1981 claim where plaintiff failed to allege race discrimination in relation to making or enforcing a contract or adequately allege a conspiracy to deprive him of the equal protection of the laws on the basis of race); *Harper v. Fla. Bar*, No. 4:13-CV-459-MW/CAS, 2013 WL 5970698, at \*5 n.8 (N.D. Fla. Nov. 8, 2013) (noting plaintiff failed to state a claim under §1981 because he did "not allege that he ha[d] not been able to enjoy all the right and benefits of the laws which 'are enjoyed by white citizens,' or that his rights to make contracts were impaired due to racial discrimination.").

The Complaint is further devoid of any allegations of intentional or purposeful discrimination. "Liability under § 1981 is premised on personal involvement of a defendant and cannot be imposed vicariously." *Maeder v. Tom Bush Auto-Plex, Inc.*, No. 3:14-CV-335-J-34PDB,

---

[2] At the very least, the ambiguous nature of Plaintiff's claims require clarification as to whether Plaintiff is alleging racial discrimination impaired an existing contractual relationship or prohibited the creation of a contract. Notably, adjunct professors are generally at-will temporary employees with one semester contracts.

2015 WL 1277925, at *4 (M.D. Fla. Mar. 20, 2015). Plaintiff's failure to make specific allegations attributing allegedly discriminatory conduct with an actor requires dismissal of Count II. *See Id.*

WHEREFORE, the Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, respectfully requests this Honorable Court to grant its Motion to Dismiss Count II, and any other relief it deems appropriate.

I HEREBY CERTIFY that on this 23rd day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WYDLER LAW
*Attorneys for Defendant*
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)

BY _/s/ Lourdes E. Wydler_____
LOURDES E. WYDLER
F.B.N.:  719811
lew@wydlerlaw.com
LAUREN D. MARTIN
F.B.N.: 1034166
ldm@wydlerlaw.com
Secondary email:
guertty@wydlerlaw.com

## SERVICE LIST

Roderick V. Hannah, Esq.
FBN: 435384
RODERICK V. HANNAH, ESQ., P.A.
Fla. Bar. No. 0435384
4800 N. Hiatus Road
Plantation FL, 33351
(954) 362-3800

(954) 613-5902
rhannah@rhannahlaw.com
*Counsel for Plaintiff.*