**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER 1:25-cv-21826-DPG**

ALESSANDRA PIRAS TORRENS,

     Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, THE FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES

("FIU"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure,

hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states:

### Nature of the Action

1.    Defendant admits only that this purported unlawful race discrimination action is brought

pursuant to Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. §2000e,

*et seq*. Defendant denies the remainder of the allegations in Paragraph one (1) of the Amended

Complaint and demands strict proof thereof. Furthermore, Defendant denies any wrong doing

complained of herein.

2.    Defendant denies the allegations in Paragraph two (2) of the Amended Complaint and

demands strict proof thereof.

### Jurisdiction and Venue

3.    Defendant admits the allegations in Paragraph three (3) of the Amended Complaint.

4. Defendant admits only that venue is appropriate and that Defendant is located in the Southern District of Florida. Defendant denies the remainder allegations in Paragraph four (4) of the Amended Complaint and demands strict proof thereof.

### Parties

5. Based upon reasonable investigation, the allegations contained in Paragraph five (5) of the Amended Complaint are unknown to Defendant and therefore denied. Defendant demands strict proof thereof.

6. Defendant admits the allegations in Paragraph six (6) of the Amended Complaint.

### Operative Facts

7. Defendant denies the allegations in Paragraph seven (7) of the Amended Complaint and demands strict proof thereof.

8. Defendant denies the allegation in Paragraph eight (8) of the Amended Complaint and demands strict proof thereof.

9. Defendant denies the allegations in Paragraph nine (9) of the Amended Complaint and demands strict proof thereof.

10. Defendant denies the allegations in Paragraph ten (10) of the Amended Complaint and demands strict proof thereof.

11. Defendant denies the allegations in Paragraph eleven (11) of the Amended Complaint and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph twelve (12) of the Amended Complaint and demands strict proof thereof.

13. Defendant denies the allegations in Paragraph thirteen (13) of the Amended Complaint and demands strict proof thereof.

14.     Defendant denies the allegations in Paragraph fourteen (14) of the Amended Complaint and demands strict proof thereof.

15.     Defendant admits only that Plaintiff interviewed twice for the position and was not hired for the position. Defendant denies the remainder of the allegations contained in Paragraph fifteen (15) of the Amended Complaint and demands strict proof thereof.

16.     Defendant denies the allegations in Paragraph sixteen (16) of the Amended Complaint and demands strict proof thereof.

17.     Defendant admits the allegations in Paragraph seventeen (17) of the Amended Complaint.

18.     Based upon reasonable investigation, the allegations contained in Paragraph eighteen (18) of the Amended Complaint are unknown to Defendant and therefore denied. Defendant demands strict proof thereof.

<u>**Count I – Unlawful Race Discrimination in Violation of Title VII**</u>

19.     Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through eighteen (18) of the Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrong doing complained of herein.

20.     Defendant admits only that this purported unlawful race discrimination action is brought pursuant to Title VII, 42 U.S.C. §2000e, *et seq*. Defendant denies the remainder of the allegations in Paragraph twenty (20) of the Amended Complaint and demands strict proof thereof. Furthermore, Defendant denies any wrong doing complained of herein.

21.     Defendant denies the allegations in Paragraph twenty-one (21) of the Amended Complaint and demands strict proof thereof.

22.     Defendant denies the allegations in Paragraph twenty-two (22) of the Amended Complaint and demands strict proof thereof.

23.     Defendant denies the allegations in Paragraph twenty-three (23) of the Amended Complaint and demands strict proof thereof.

24.     Defendant denies the allegations in Paragraph twenty-four (24) of the Amended Complaint and demands strict proof thereof.

25.     Defendant denies the allegations in Paragraph twenty-five (25) of the Amended Complaint and demands strict proof thereof.

**GENERAL DENIAL**

Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

***First Affirmative Defense***

As a first affirmative defense, Defendant asserts that Plaintiff has failed to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a cause of action pursuant to Title VII of the Civil Rights Act of 1964.

***Second Affirmative Defense***

As a second affirmative defense, Defendant asserts that it acted based on legitimate, non-discriminatory reasons in the decision to take adverse employment action, if any, against Plaintiff. These legitimate business reasons were unrelated to any alleged discrimination based on race. Plaintiff did not suffer any discrimination and Defendant is not liable for any alleged wrongdoing.

***Third Affirmative Defense***

As a third affirmative defense, Defendant asserts that Plaintiff's claims under Title VII of the Civil Rights Act of 1964 is limited in scope to the charge Plaintiff filed with the EEOC and/or Florida Commission on Human Relations.

### Fourth Affirmative Defense

As a fourth affirmative defense, Defendant asserts that it is entitled to all of the rights, privileges, and immunities, including limits on liability set forth in § 768.28, Florida Statutes, made and provided.

### Fifth Affirmative Defense

As a fifth affirmative defense, Defendant asserts that the total amount of recovery to which Plaintiff would be entitled to in the event of an adverse judgment, is the statutory cap of $300,000 for compensatory damages, pursuant to 42 U.S.C. § 1981(a), or the statutory cap of $200,000 for compensatory damages, pursuant to § 768.28, Florida Statutes.

### Sixth Affirmative Defense

As a sixth affirmative defense, Defendant asserts that race was not a substantial motivating factor in any adverse employment action, if deemed taken, against Plaintiff.

### Seventh Affirmative Defense

As a seventh affirmative defense, Defendant asserts that it is entitled to a set-off of all amounts paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the alleged incident, in accordance with § 768.76, Florida Statutes.

### Eighth Affirmative Defense

As an eighth affirmative defense, Defendant asserts that it would have taken the same action in the absence of any purported discriminatory intent. Plaintiff would therefore be limited to the relief authorized in 42 U.S.C. § 2000e-5(g)(2)(b).

### *Ninth Affirmative Defense*

As a ninth affirmative defense, Defendant states that Plaintiff has failed to mitigate as is proper and reasonable under the circumstances; alternatively, any claim for relief must also be set-off and/or reduced by wages, compensation, pay commissions, benefits and all other earnings regardless of the form received by Plaintiff or which she could have earned with reasonable diligence.

### *Tenth Affirmative Defense*

As a tenth affirmative defense, Defendant asserts that Plaintiff is not entitled to punitive damages pursuant to 42 U.S.C. § 1981A(b)(1) and/or Florida Statute § 768.28(5).

### *Eleventh Affirmative Defense*

As an eleventh affirmative defense, Plaintiff's employment with Defendant was an at will employee. Plaintiff was an adjunct professor hired on a short-term contractual basis and called to teach only when needed. Adjunct professors are never guaranteed a teaching assignment.

### *Twelfth Affirmative Defense*

As a twelfth affirmative defense, Defendant asserts that if any alleged actions were taken by any of Defendant's employees against Plaintiff which is denied, then those actions were independent, intervening, and unforeseeable acts that were not authorized, or approved by Defendant and cannot be attributed or imputed to Defendant.

### *Thirteenth Affirmative Defense*

As a thirteenth affirmative defense, Defendant asserts that Plaintiff is unable to meet the legal requirements for the entry of declaratory relief because there is not a bona-fide, actual present need for a declaration.

## DEMAND FOR ATTORNEY'S FEES

Defendant, FIU, has retained counsel to defend these allegations, and seeks attorney's fees, pursuant to 42 U.S.C. § 2000e-5(k).

## JURY DEMAND

Defendant demands a trial by jury and all issues so triable.

I HEREBY CERTIFY that on this 19th day of June, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WYDLER LAW
*Attorneys for Defendant*
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)

BY  /s/ Lourdes E. Wydler
      LOURDES E. WYDLER
      F.B.N.:  719811
      lew@wydlerlaw.com
      LAUREN D. MARTIN
      F.B.N.: 1034166
      ldm@wydlerlaw.com
      Secondary email:
      guertty@wydlerlaw.com

## SERVICE LIST

Roderick V. Hannah, Esq.
FBN: 435384
RODERICK V. HANNAH, ESQ., P.A.
Fla. Bar. No. 0435384
4800 N. Hiatus Road
Plantation FL, 33351

(954) 362-3800
(954) 613-5902
rhannah@rhannahlaw.com
***Counsel for Plaintiff.***